NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—April, 1885.

LOESCHE v. GRIFFIN.

*In the matter of the estate of* CHARLES H. F. AHRENS, *deceased.*

An unverified list of a decedent's assets cannot be treated as an inventory thereof, within the meaning of the statute relating to such instrument.

A Surrogate's court has no authority to require a party to a special proceeding therein to furnish security for the payment of his adversary's costs.

APPLICATION by Gottfried Loesche and others, residuary legatees under the decedent's will, to compel Hobart R. Griffin, the executor, to file an inventory, etc.

T. F. HASCALL, *for the application.*

R. B. GWILLIM, *for executor.*

THE SURROGATE. — The inventory filed by this decedent's executor in November, 1883, is still missing from the files. When I vacated the order of April, 1884, that directed the filing of an inventory to supply the place of the one that had been mislaid, it was with the understanding that a copy of the inventory filed would be served upon the adverse party. This does not seem to have been done, the executor having contented himself with furnishing a list, not under oath, of the assets left by this decedent.

The present application for an inventory is, therefore, granted. The fact that the property cannot now be submitted for inspection is no bar to it (see Silverbrandt v. Widmayer, 2 *Dem.*, 263); and as the property is said to consist of but four items whereof each is an item of money, this direction can not occasion the executor any serious inconvenience.

The motion to require the executor to furnish security for costs must be denied. I have no power to grant it. The provisions of chapter 21, tit. 3, of the Code of Civil Procedure are not applicable to special proceedings in Surrogates' courts (see § 3347, subd. 13).